UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHER, GARNER, CAHILL, RICHTER, KLEIN, & HILBERT, L.L.C. | CIVIL ACTION |
| VERSUS | NO: 18-886 |
| CONOR PACIFIC INC., ET AL. | SECTION "H" |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Seal the Record (Doc. 64).

On September 13, 2018, Plaintiff filed a Joint Motion to Seal the Record in this case.[1] The next day, this Court denied the Motion without prejudice because the Motion failed to comply with this Court's Local Rules.[2] Plaintiff subsequently filed a new Motion to Seal the Record on September 18, 2018.[3] The Court held a Telephone Status Conference with the parties to discuss this matter on October 16, 2018.

Under Local Rule 5.6(B), any motion to seal must be accompanied by a proposed order and a non-confidential supporting memorandum that includes: (1) a non-confidential description of what is to be sealed; (2) a statement as to why sealing is necessary; (3) reference to governing case law; and (4) a statement of the period of time the party seeks to have the matter maintained

---

[1] *See* Doc. 60.
[2] *See* Doc. 62.
[3] *See* Doc. 64.

1

under seal. The Rule further provides that "[t]he proposed order must recite the findings required by governing case law to support the proposed sealing."[4]

Plaintiff seeks to seal the entire record in this case indefinitely. Plaintiff argues such a drastic measure is necessary because "[c]ontained within the pleadings and exhibits are documents" alleging that Plaintiff "breached the standard of care" when serving as counsel for Defendant Conor Pacific, Inc.[5] The allegations, Plaintiff argues, "are injurious to those involved and serve no purpose in remaining in the public record."[6]

A district court "may deny access to records if the records become a vehicle for improper purposes."[7] When deciding whether to seal judicial proceedings, courts must "balance the public's common law right of access against the interests favoring nondisclosure." There exists a presumption "in favor of public access to judicial records."[8] In the Fifth Circuit, the presumption is a strong one.[9] "[A] court must use caution in exercising its discretion to place records under seal."[10]

Here, the interests favoring nondisclosure are no different than those presented by the vast majority of lawsuits filed before this Court. Plaintiff argues that the *entire* record should be sealed because *some* documents in *some* pleadings contain allegations that attorneys who

---

[4] LR 5.6(B).
[5] *See* Doc. 64.
[6] *Id.*
[7] United States v. Holy Land Found. For Relief & Dev., 624 F.3d 685, 689 (5th Cir. 2010) (citing Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597–98 (1978)).
[8] *Nixon*, 435 U.S. at 602.
[9] *Holy Land*, 624 F.3d at 690 (quoting United States v. Ladd, 218 F.3d 701, 704 (7th Cir. 2000)).
[10] *Holy Land*, 624 F.3d at 689. *See also* S.E.C. v. Van Waeyenberghe, 990 F.2d 845, 848 (5th Cir. 1993) (noting that district courts should exercise such discretion "charily") (quoting Federal Savings & Loan Ins. Corp. v. Blain, 808 F.2d 395, 399 (5th Cir. 1987)).

either work for or used to work for Plaintiff committed malpractice. By their very nature, the allegations are exactly that—unsubstantiated allegations. If unsubstantiated allegations in a few filings—in a case that ultimately settled—were sufficient to justify sealing an entire record, there would be nothing left of the public record in this Court because defendants would routinely seek to seal entire records. Such a situation would severely undermine the purposes for public judicial proceedings, which include promoting trustworthiness of the judicial process, curbing judicial abuses, and educating the public about the judicial system.[11]

In sum, Plaintiff's reasons for requesting that the entire record be sealed in this matter fall far short of showing that the records have become a vehicle for improper purposes. Plaintiff fails to recite sufficient findings required by governing case law to justify its request.

For the foregoing reasons, Plaintiff's Motion is **DENIED WITHOUT PREJUDICE**.

Plaintiff may re-file its request within 10 days by citing to particular documents in the record it desires to have sealed and by providing specific reasons, supported by governing case law, to justify the sealing of those records.

New Orleans, Louisiana this 5th day of November, 2018.

_____
JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE

---

[11] *See Holy Land*, 624 F.3d at 690 (quoting Littlejohn v. BIC Corp., 851 F.2d 673, 682 (3d Cir. 1988)).